[Civ. No. 9138. Fourth Dist., Div. One. Apr. 11, 1969.]

HARLEY GEORGE SMITH, Plaintiff and Appellant, v. EL CENTRO LODGE NO. 1325 et al., Defendants and Respondents.

John J. Bryan for Plaintiff and Appellant.

Dickenson & Sattinger, David Dotson, Hinchy, Katz, Witte & Wood and Herbert Katz for Defendants and Respondents.

BROWN (Gerald), P. J.—Harley George Smith appeals a judment dismissing his action for failure to prosecute the case to trial within five years (Code Civ. Proc., § 583).

## CHRONOLOGY

*July 6, 1962*: Smith, as assignee of Lee J. Morgan Construction Co., Inc. filed suit against El Centro Lodge No. 1325, B.P.O.E. (Elks) for $3,718.08 due under a contract to construct a clubhouse building.

*August 2, 1962*: Elks filed its answer and a cross-complaint against Smith's assignor for defective workmanship.

*September 13, 1962*: Smith's assignor answered the cross-complaint.

*December 4, 1962*: A pretrial hearing was held and trial was set for February 27, 1963.

*February 25, 1963*: The case was placed on resetting calendar and reset for October 23, 1963.

*October 23, 1963*: The case was placed on the setting calendar for November 8, 1963. The record does not indicate what happened at the November 8, 1963 setting calendar.

*August 4, 1964*: Smith filed an amended complaint joining new defendants including J. E. Dean, doing business as Jerry Dean Building Specialties. The Elks stipulated the amended complaint could be filed. Smith delayed 15 months providing Dean with certain papers necessary in preparing his answer.

*January 18, 1966*: Dean filed his answer and a cross-complaint.

*July 5, 1966*: Smith and his assignor answered the Dean cross-complaint.

*July 15, 1966*: Trial was set for February 1, 1967.

*November 18, 1966*: Dean filed an amendment to his cross-complaint.

*February 1, 1967*: The court placed the trial off calendar because Elks' attorney was ill and unable to appear for trial.

*February 10, 1967*: Trial was reset for October 18, 1967.

*September 18, 1967*: Dean filed his motion to dismiss for failure to prosecute.

*September 19, 1967*: Elks filed its motion to dismiss for failure to prosecute.

*October 20, 1967*: Motions to dismiss granted.

*November 2, 1967*: Order dismissing the action as to Elks and Dean was filed.

The action was commenced July 6, 1962, and the five-year period expired July 6, 1967. There was no stipulation extending the time of the trial. Unless Smith can bring his case within one of the exceptions in the statute or the implied exceptions recognized by the decisions, dismissal of his action was mandatory. (*Adams* v. *Superior Court,* 52 Cal.2d 867, 870 [345 P.2d 466].)

 Smith contends the five-year period provided in Code of Civil Procedure section 583 for bringing his action to trial should run from August 4, 1964 when, by stipulation, he filed his amended complaint bringing in new parties rather than from July 6, 1962, when he filed his original complaint. The five-year period runs from the commencement of a plaintiff's action, that is, from the filing of his original complaint, not from the filing of an amendment or amended complaint. A stipulation an amended complaint may be filed does not extend the time to start trial. (*Rosefield Packing Co.* v. *Superior Court,* 4 Cal.2d 120, 124-125 [47 P.2d 716]; *Perati* v. *Atkinson,* 230 Cal.App.2d 251, 253 [40 Cal.Rptr. 835].)

 Smith argues Elks is estopped from asserting the dismissal provisions of Code of Civil Procedure, section 583, because: It requested a continuance based on its attorney's illness; efforts to compromise and settle Smith's claim delayed proceedings; and there were a number of parties and claims between the parties.

 While a party may be estopped from invoking a dismissal under the statute, whether he is estopped presents a question of fact the determination of which is binding on appeal unless the contrary conclusion is the only one to be

reasonably drawn from the facts. (*Albers* v. *County of Los Angeles*, 62 Cal.2d 250, 266 [42 Cal.Rptr. 89, 398 P.2d 129].) The trial court's order dismissing Smith's action necessarily rejects Smith's claim of estoppel.

█ Substantial evidence presented to the court by the record of proceedings and declarations filed by the parties support the court's finding against estoppel. While trial of the action was once continued because Elks' attorney was ill, this occurred five months before the five-year period expired. Smith had ample time to request a trial setting within the time limitation. The court notified him of the October 18, 1967 trial setting on February 10, 1967, almost five months before the time expired, yet he made no attempt to advance the trial to a date within the five-year period or secure written agreement to a trial after that time.

The declaration of Smith's attorney shows settlement negotiations deteriorated in July 1964, three years before time ran for trial of the action. Smith may not rely on delay caused early in the proceedings by settlement negotiations which could hardly have misled him to his prejudice.

While this action involved several parties and cross-actions, the case was at issue as to those parties involved in this appeal on July 5, 1966, when Smith filed his answer to Dean's cross-complaint. Dean's November 18, 1966 amendment to his cross-complaint involved a cross-defendant who is not a party to this appeal. Whether the proceedings be considered fully at issue a year before the time ran (July 1966) or seven and a half months before it ran (November 1966), Smith had time to bring the action to trial unimpeded by procedural or pleading complexities.

Smith's contention his action against Dean ''commenced'' within the meaning of Code of Civil Procedure, section 583, when he joined Dean as a party by filing his amended complaint on August 4, 1964 is not well founded. By argument Smith analogizes the amendment joining Dean to the filing of a cross-complaint. █ The five-year period runs on a cross-complaint from the date of its filing. (*Tomales Bay etc. Corp.* v. *Superior Court*, 35 Cal.2d 389, 394 [217 P.2d 968].) █ The filing of an amended complaint which adds new parties to an action already commenced does not start a new statutory five-year period as to the new parties. Smith could have filed a separate action against those parties and he would have had five years to bring the case to trial before the mandatory provisions of Code of Civil Procedure, section 583, would

become applicable. Instead, he chose to join the new parties in an action on which the time period had already started running. In *Douglas* v. *Superior Court,* 94 Cal.App.2d 395 [210 P.2d 853], the court issued a peremptory writ prohibiting further action on a cross-complaint where two of the petitioners had been joined in the cross-action by a supplemental cross-complaint. Trial was held over five years after filing the original cross-complaint but within five years of the filing of the supplemental cross-complaint. *Douglas* held the filing of the supplemental cross-complaint did not extend the time of mandatory dismissal to five years after its filing.

Judgment affirmed.

Coughlin, J., and Whelan, J., concurred.