[Civ. No. 1078. Fifth Dist. July 10, 1969.]

WALTER G. STULTS, as Administrator, etc., Plaintiff and Appellant, v. CALVIN A. THOMPSON et al., Defendants and Respondents.

Morris Lavine and Morris B. Chain for Plaintiff and Appellant.

Borton, Petrini, Conron, Wetteroth & Hitchcock, Warren C. Wetteroth, Maddox, Abercrombie & Kloster and E. H. Kloster for Defendants and Respondents.

STONE, Acting P. J.—Plaintiff appeals from judgments of dismissal entered as to all defendants pursuant to motions under Code of Civil Procedure section 583 to dismiss for failure to bring the action to trial within five years after the complaint was filed.

Preliminarily, we note that plaintiff appears to argue that section 583 is unconstitutional and void because it violates the

due process clause of the Fourteenth Amendment to the Constitution of the United States, a point considered, and rejected as without merit, in *Muller* v. *Muller*, 179 Cal.App.2d 815, 819 [4 Cal.Rptr. 419].

Two exceptions are provided in the statute, one ''where the parties have filed a stipulation in writing that the time may be extended'' and, the other, ''where it be shown that the defendant has been absent from the State or concealed therein and his whereabouts unknown to plaintiff and not discoverable to said plaintiff upon due diligence, in which event said period of absence or concealment shall not be a part of said five-year period.''

Plaintiff does not assert either exception under section 583; rather, this court is asked to create a judicial exception to the mandatory five-year dismissal provision of the code section.

The facts are these:

*March 12, 1963,* Jeanie H. Stults filed a complaint against Calvin A. Thompson, Frances N. Thompson, and fictitiously named defendants, to quiet title to real property in Kern County.

*November 29, 1963,* present counsel were substituted as plaintiff's attorneys.

*January 16, 1964,* a first amended complaint was filed, alleging causes of action to quiet title and cancel certain instruments, for slander of title, and to recover compensatory and punitive damages. This pleading named Semitropic Water Storage District and seven directors thereof as additional defendants. Summons was issued on the amended complaint and served on the new parties.

*February 6, 1964,* Semitropic and its directors answered, and Calvin and Frances Thompson filed their answer to the amended complaint.

*November 1965* a pretrial conference was scheduled and statements were filed by counsel. Plaintiff's attorney asked for and was granted an indefinite continuance of the pretrial conference in order to take depositions and consider further amendments to the complaint.

*October 27, 1966,* plaintiff Jeanie Stults died.

*September 28, 1967,* Walter G. Stults was substituted as party plaintiff.

*October 11, 1967,* plaintiff, with leave of court, filed a second amended complaint, adding two new causes of action against the same defendants.

*October 13, 1967*, Semitropic and its directors filed an answer to the second amended complaint.

*October 24, 1967*, Calvin and Frances Thompson filed an answer to the second amended complaint.

*March 12, 1968*, the five-year period elapsed, in which to bring the action to trial.

Thereafter all defendants moved to dismiss the action for lack of prosecution; the motions were granted, and judgments of dismissal were entered as to all defendants.

Plaintiff asserts the trial court erred in holding that the five-year period specified in section 583 ran from the filing of the original complaint, for two reasons. First, he contends the filing of the amended complaint bringing in the new parties commenced the five-year period running anew and, second, that filing a second amended complaint, stating new causes of action, likewise marked the beginning of a new five-year period.

The Supreme Court made it clear, in *Rosefield Packing Co.* v. *Superior Court*, 4 Cal.2d 120 [47 P.2d 716], that filing an amended complaint does not extend the five-year period within which an action must be brought to trial. The court explained: ''To sustain respondents' view, we should have to restate the section so as to substitute for the word 'action' the words 'last amended complaint.' This would not be a construction of the statute, but a revision thereof, in direct conflict with its present meaning.'' (P. 125.)

The *Rosefield* case does not distinguish between an amended complaint stating a new cause of action and an amended complaint bringing in new parties. Later cases hold there is no distinction. For example, in *Kowalski* v. *Cohen*, 252 Cal.App. 2d 977 [60 Cal.Rptr. 874], the plaintiff argued that the mandatory five-year period is not measured from the filing of the original complaint but from the filing of the amended complaint alleging a new cause of action. Under the authority of *Rosefield*, the reviewing court rejected the argument. (Pp. 979-980.) *Smith* v. *El Centro Lodge No. 1325*, 271 Cal.App.2d 713 [76 Cal.Rptr. 629], answers plaintiff's contention that the amended complaint bringing in new parties commences anew the five-year period.

Plaintiff's motion to file an amended complaint does not satisfy the section 583 requirement that the action must be brought to trial within five years. In *Bella Vista Dev. Co.* v. *Superior Court*, 223 Cal.App.2d 603, 609 [36 Cal.Rptr. 106],

the court said: "Amendment of pleadings is one of the ordinary processes involved in bringing a case to trial and the time consumed in such proceedings is not to be excluded in computing the five-year period."

Similarly, the Supreme Court held in *J. C. Penney Co.* v. *Superior Court,* 52 Cal.2d 666 [343 P.2d 919], that neither delay in going to pretrial nor the holding of a pretrial hearing prevented the five-year period from running from the date of filing the original complaint.

Plaintiff places great reliance upon *General Motors Corp.* v. *Superior Court,* 65 Cal.2d 88 [52 Cal.Rptr. 460, 416 P.2d 492]. In that case a husband and wife filed an action for personal injuries arising from an automobile accident, alleging faulty design of their automobile by General Motors. Three years later, before the case was tried, the wife died. Her heirs filed a wrongful death action, alleging that her death resulted from injuries sustained in the accident which was the basis for the original action. The two actions were consolidated for trial pursuant to section 377 of the Code of Civil Procedure which makes consolidation mandatory upon motion of any party. The defendant moved for dismissal of the personal injury action after the lapse of five years from the filing of the original complaint. The trial court denied the motion. The Supreme Court denied a petition for writ of prohibition, finding an implied exception to section 583 for the reason that the wrongful death action did not arise until the decedent's death some considerable time after the filing of the personal injury action. To hold the five-year period of section 583 applicable would defeat the purpose for mandatory consolidation under section 377. The court recognized the impracticability of trying the personal injury action separate from the wrongful death action because of the burdensome duplication of litigation, and reasoned: "If the cause of action for wrongful death had accrued at the time the personal injury action was filed, there would be no reasonable basis for concluding that it was impracticable to bring both actions to trial within five years of that date. However, a plaintiff should not be penalized for delays beyond his control [citation], and in the present case the wrongful death action did not accrue until more than three years after the personal injury action had been filed. Therefore, the failure to file the two actions simultaneously was unavoidable." (P. 97.)

Thus the facts of the case at bench are not apposite to the *General Motors* case; there is no ground upon which to find

an implied exception to section 583. We adhere to the well established rule enunciated in *Rosefield Packing Co.* v. *Superior Court, supra,* articulated in *Kowalski* v. *Cohen, supra,* and *Smith* v. *El Centro Lodge No. 1325, supra,* that where all causes of action alleged by the plaintiff have accrued at the time of filing the original complaint, the five-year period fixed by section 583 of the Code of Civil Procedure commences to run from the date of the original filing.

The judgments are affirmed.

Gargano, J., concurred.

A petition for a rehearing was denied August 7, 1969, and appellant's petition for a hearing by the Supreme Court was denied September 4, 1969.