[No. C001995. Third Dist. Aug. 19, 1987.]

ROBERT F. GRAY et al., Plaintiffs and Appellants, v.
ROGER FIRTHE et al., Defendants and Respondents.

COUNSEL

Melvin E. Beverly for Plaintiffs and Appellants.

Gregory C. Corn, Iris Malsman, John C. Hope, Jr., Hardesty, Moss & Michaels, James W. Hardesty and Erica Michaels for Defendants and Respondents.

## OPINION

CARR, J.—In this appeal from orders (judgments) of dismissal for the failure of plaintiffs Robert F. and Patricia W. Gray (the Grays) to bring their action to trial within the statutory five-year period, we are asked to determine on what date the five-year period prescribed by the 1984-enacted Code of Civil Procedure sections 583.310[1] and 583.360 starts to run: when the action is originally filed, or when the action is "commenced" against individual defendants. The trial court determined dismissal was mandated if the action was not brought to trial within five years of its original commencement. We conclude this determination under the new five-year dismissal statute was erroneous and shall reverse.

### FACTUAL AND PROCEDURAL HISTORY

On November 19, 1981, the Grays filed a complaint to rescind certain contracts entered into between themselves and defendants Gary Dale Plowman (Plowman) and Resort Development, Inc. (Resort Development). Plowman and Resort Development answered.

On February 4, 1983, pursuant to a stipulation with Plowman and Resort Development, the Grays filed a first amended complaint again naming as defendants Plowman and Resort Development and seeking in the causes of action against those defendants to rescind the contracts entered into between them and the Grays. The amended complaint named for the first time defendants Porfirio, Donna and Anthony Medina, (Medinas), Roger and Kathee Firthe (Firthes), James Keller (Keller), Washoe Title Guaranty Company (Washoe), Truckee Meadows Mortgage Company (Truckee Meadows) and First American Title Company, Inc. (First American) and set forth entirely new causes of action against these additional defendants.

Keller, Truckee Meadows, the Medinas, and the Firthes answered on March 11, 1983, and cross-claimed against Plowman and Resort Development. Washoe answered on June 17, 1983.

Thereafter there was no activity by the Grays until June 1985 when they submitted an at-issue memorandum to the court to have the matter set for trial. It was rejected for filing by the clerk as the first amended complaint had not been answered by First American, Plowman, and Resort Develop-

---

[1] All further nondesignated statutory citations are to the Code of Civil Procedure.

ment and the cross-claim had not been answered by the cross-defendants. First American subsequently answered on August 8, 1985.

In December 1985, Gray made an abortive attempt to sever the cross-claim from the main action.[2] Failing this, the defaults of Plowman and Resort Development were entered on the cross-claim on March 3, 1986.

On March 18, 1986, a second at-issue memorandum was returned unfiled to the Grays, this time because Plowman and Resort Development had still not answered the first amended complaint and their default had not been taken.

The Grays entered into a stipulation with Plowman and Resort Development to permit their answer to the original complaint to serve as their answer to the first amended complaint.

On March 25, 1986, the Grays filed an at-issue memorandum and certificate of readiness and arbitration determination statement. On April 8, 1986, a mandatory settlement conference was set for September 19, 1986, with a trial date to commence on October 14, 1986. At the mandatory settlement conference no settlement was reached and the court ordered the trial to proceed on the previously scheduled date of October 14, 1986.

On October 9, 1986, counsel for the Grays was informed the matter could not proceed to trial on October 14, 1986, because of court congestion. The Grays then moved for an accelerated trial setting. The motion was denied and the case set for trial on January 5, 1987.

On November 24, 1986, Keller and Truckee Meadows filed a motion for mandatory dismissal pursuant to section 583.360. Keller and Truckee Meadows were joined in the motion by Washoe, the Medinas and Kathee Firthe. The Medinas and Kathee Firthe further urged the action could be dismissed in the court's discretion for failure to have brought the action to trial within three years of commencement. On December 17, 1986, the court granted the motion as to all moving defendants on the sole ground that the action had not been brought to trial within the five-year mandatory period. Roger Firthe then also moved to dismiss for failure to bring to trial within the mandatory five-year period. His motion was granted on January 9, 1987. This appeal is timely taken from both orders of dismissal.

---

[2] The Grays incorrectly identified the cross-claim in their moving papers as having been filed by Washoe. Washoe opposed the motion on that ground. The Grays then abandoned their attempt to sever the cross-claim.

## DISCUSSION

In 1984 the Legislature repealed former section 583 and enacted a new comprehensive scheme governing dismissals for delay in prosecution (§ 583. 110 et seq.). (Stats. 1984, ch. 1705, § 5.)[3]

Application of the new provisions to actions commenced prior to January 1, 1985, is controlled by section 583.160, which provides the new enactments apply to motions for dismissal in actions commenced before, on, or after January 1, 1985. A motion for dismissal of such an action made pursuant to notice given before, on, or within one year after January 1, 1985, is governed by the applicable law in effect immediately before January 1, 1985. (§ 583.160, subd. (a).)[4] All motions to dismiss in this case were made in late 1986 and are therefore governed by the new statutory provisions.[5]

Prior to the enactment of section 583.310, former subdivision (b) of section 583 provided in part: "Any action . . . shall be dismissed . . . unless such action is brought to trial within five years after the plaintiff has filed his action, . . ." (Stats. 1982, ch. 1402, § 3, p. 5355.)

In construing the language of subdivision (b) of former section 583 the courts consistently held that the mandatory five-year period within which to bring an action to trial commenced running with the filing of the original complaint. (6 Witkin, Cal. Procedure (3d ed. 1985) Proceedings Without Trial, § 125, pp. 433-434.) This result obtained even when an amended complaint stated a new cause of action or brought in new parties. (*Stults* v. *Thompson* (1969) 274 Cal.App.2d 733, 735-736 [79 Cal.Rptr. 520].)

▪ The Grays assert the Legislature abrogated the former rule by enacting the new section 583.310; that by the plain language of the new section as to a new non-Doe defendant added to an action by an amended complaint, the five-year period begins to run when the amended complaint is filed.

---

[3] Chapter 1705 of the statutes of 1984 took effect January 1, 1985. (See Cal. Const., art. IV, § 8, subd. (c).)

[4] The full text of section 583.160, subdivision (a) is: "This chapter applies to a motion for dismissal made in an action commenced before, on, or after the effective date of this chapter, except that in the case of an action commenced before the effective date of this chapter:

"(a) A motion for dismissal made pursuant to notice given before, on, or within one year after the effective date of this chapter is governed by the applicable law in effect immediately before the effective date and for this purpose the law in effect immediately before the effective date continues in effect."

[5] The Medinas and Firthes assert that the motions are governed by the version of section 583 in effect immediately before January 1, 1985. This assertion ignores the clear language of section 583.160.

Section 583.310 provides: "An action shall be brought to trial within five years after the action is commenced against the defendant." Section 583.360 requires that an action not brought to trial within that time be dismissed.[6]

█ It is a fundamental rule in the construction of statutes to so read them as to give force and effect to the intent of the Legislature. (*Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224].) █ Statutes are required to be given effect according to the usual, ordinary import of the language used in framing them. (*Ibid.*) █ An intention to change the law or the meaning of a statute will generally be inferred or presumed from a material change in the statutory language. (*People* v. *Salazar* (1983) 144 Cal.App.3d 799, 806-807 [193 Cal.Rptr. 1].) Such an intent is inferred when the existing law is amended by deletion of an express provision of the previous statute and the substitution of an alternative provision. (*Ibid.*) █ Moreover, though the court may properly rely on extrinsic aids to ascertain legislative intent the court turns first to the words of the statute to determine the Legislature's will. (*Moyer* v. *Workmen's Comp. Appeals Bd., supra,* 10 Cal.3d at pp. 230-231.)

█ We observe initially that changing the operative phrase from "within five years after the plaintiff has filed his action" (former § 583, subd. (b)) to "after the action is commenced against the defendant" (new § 583.310) manifests a clear intent to change the law.

The new statutory scheme uses the phrase "after the action is commenced against the defendant" throughout its provisions. New section 583.420 provides for the discretionary dismissal of actions not brought to trial within specified periods "after the action is commenced against the defendant." Section 583.210 provides that service of the summons and complaint shall be made upon a defendant within three years "after the action is commenced against the defendant."[7] In commenting on new section 583.210, the Law Revision Commission stated: "Section 583.210 applies to a defendant sued by a fictitious name from the time the complaint is filed and to a defendant added by amendment of the complaint from the time the amendment is made."[8] (17 Cal. Law Revision Com. Rep. (June 1983) p. 931.)

---

[6] Section 583.360 provides: "(a) An action shall be dismissed by the court on its own motion or on motion of the defendant, after notice to the parties, if the action is not brought to trial within the time prescribed in this article. [¶] (b) The requirements of this article are mandatory and are not subject to extension, excuse, or exception except as expressly provided by statute."

[7] Section 583.210, subdivision (a) provides: "The summons and complaint shall be served upon a defendant within three years after the action is commenced against the defendant. For the purpose of this subdivision an action is commenced at the time the complaint is filed."

[8] Counsel for respondents herein represented to this court at oral argument that the Law Review Commission commented exactly opposite and stated the critical date for all defend-

The repetition of the phrase, "after the action is commenced against the defendant" manifests an intent to standardize the mandatory and discretionary dismissal provisions of the new law as to the time when such dismissal begins to run. We presume the phrase was intended to have the same meaning wherever used in the new law. (*People* v. *McCart* (1982) 32 Cal.3d 338, 344 [185 Cal.Rptr. 284, 649 P.2d 926].)

■ As to a defendant either expressly named in the original complaint, or named in the original complaint by a fictitious name, the action commences on the date of the filing of the complaint. (*Warren* v. *Atchison, T. & S. F. Ry. Co.* (1971) 19 Cal.App.3d 24, 38 [96 Cal.Rptr. 317].) But when a new party is added to the action, the action commences as to that party on the date of the order adding him or her as a party or on the date of filing of the pleading naming him or her as a new party. (*Ibid.*)

■ In the case at hand, it appears the trial court erroneously concluded, on the basis of case law decided prior to the enactment of section 583.310, that the five-year period commenced running with the filing of the original complaint. The trial court did not consider whether the defendants were persons or entities identified in the original complaint against whom some form of relief was sought. (See *ibid.*)

■ However, the interpretation of the pleadings is essentially a judicial function and the appellate court must make its independent interpretation of such pleadings. (*Id.*, at p. 38, fn. 8.)

■ The original complaint named as defendants only Plowman and Resort Development and Does I through V. The gravamen of the first amended complaint is that the defendants Plowman and Resort Development prevailed upon the Grays to surrender their promissory note and deed of trust to certain property in exchange for equity in real property known as Fales Hot Springs, near Bridgeport, California. The Medinas are mentioned in the complaint but there are no charging allegations against them and no relief was sought against them. The prayer in the original complaint seeks only to rescind the contract entered into between the Grays and Plowman.

There is nothing in the record that the defendants were served as "Doe" defendants. The first amended complaint, which was filed by stipulation, named the Medinas, the Firthes, Keller, Washoe Title and Truckee Meadows for the first time and alleged additional causes of action against them. The third and fourth causes of action allege Keller, Truckee Meadows and

ants was the filing of the original complaint. In a paraphase of the immortal words of a margarine commercial we remind counsel that it's not nice to try to fool a literate appellate court.

Washoe Title entered into a contract with Plowman for the benefit of the plaintiffs and upon which the plaintiffs relied. The breach of the contract is alleged. The sixth cause of action names as defendants the Medinas, the Firthes and First American. In that cause of action it is alleged that First American conducted a foreclosure sale on the subject property as trustee for the Medinas and that the September 17, 1982, sale was improper. The seventh cause of action alleges a conspiracy on the part of Truckee Meadows, Keller and Medina "in the reinstatement of their claim against defendant GARY PLOWMAN by regaining their secured position on the Tah-Chalet motel property."

Not only were these defendants not served as Does but the original complaint did not state any cause of action against them as fictitiously named defendants.[9] The action was commenced as to them by the filing of the first amended complaint on February 4, 1983. The mandatory period within which the plaintiffs are required to bring the action to trial does not expire as to these defendants until 1988. The trial court erred when it determined it was required to dismiss the action pursuant to the mandatory provisions. In view of this conclusion, we do not reach the issue of whether the trial court also erred in denying plaintiffs' motion to advance the case for trial.

■ On the record before us the trial court would have been within its discretion had it dismissed the action for failure to bring the action to trial within three years after commencement. (Code Civ. Proc. § 583.420, subd. (a)(2)(A).)[10] Keller and Truckee Meadows urge this court to uphold the orders of dismissal on that basis.

When a case is dismissed pursuant to the discretionary provisions for failure to prosecute, the "discretion" to be exercised is that of the trial court, not the reviewing court. (*Netzley* v. *Hillstrom* (1954) 122 Cal.App.2d 417, 420; see § 583.410.) In ruling on a motion to dismiss for delay in prosecution, the trial court is required to be guided by the policies set forth in section 583.130 and to consider the matters set forth in subdivision (e) of California Rules of Court, rule 373.[11] (§ 583.410, subd. (b).) The trial court

[9] All defendants herein, in briefs, repeatedly referred to themselves as Doe defendants. As noted, the record not only fails to demonstrate employment of the Doe procedure, it completely negates it.

[10] Section 583.420 provides in relevant part: "(a) The court may not dismiss an action pursuant to this article for delay in prosecution except after one of the following conditions has occurred:

". . . . . . . . . . . . . . . . . . . .

"(2) The action is not brought to trial within the following times: [¶] (A) Three years after the action is commenced against the defendant. . . ."

[11] Subdivision (e) of rule 373, California Rules of Court provides: "In ruling on the motion the court shall consider all matters relevant to a proper determination of the motion, includ-

in this case erroneously concluded that it was required to dismiss the case for failure to bring the action to trial within five years. It therefore did not exercise its discretion and did not consider those matters which are required to be considered. The orders cannot be upheld on that basis.

The orders of dismissal are reversed.

Blease, Acting P. J., and Sparks, J., concurred.

---

ing the court's file in the case and the affidavits and declarations and supporting data submitted by the parties and, where applicable, the availability of the moving party and other essential parties for service of process; the diligence in seeking to effect service of process; the extent to which the parties engaged in any settlement negotiations or discussions; the diligence of the parties in pursuing discovery or other pretrial proceedings, including any extraordinary relief sought by either party; the nature and complexity of the case; the law applicable to the case, including the pendency of other litigation under a common set of facts or determinative of the legal or factual issues in the case; the nature of any extensions of time or other delay attributable to either party; the condition of the court's calendar and the availability of an earlier trial date if the matter was ready for trial; whether the interests of justice are best served by dismissal or trial of the case; and any other fact or circumstance relevant to a fair determination of the issue. The court shall be guided by the policies set forth in section 583.130 of the Code of Civil Procedure."