Filed 10/27/22  Valson v. State of Cal. CA5

**<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| SILUS M. VALSON,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>STATE OF CALIFORNIA et al.,<br><br>Defendants and Respondents. | F083687<br><br>(Super. Ct. No. S1500CV279903)<br><br>**OPINION** |

### <u>THE COURT</u>*

APPEAL from an order of the Superior Court of Kern County.  Thomas S. Clark, Judge.

Silus M. Valson, in pro. per., for Plaintiff and Appellant.

Rob Bonta, Attorney General, Neah Huynh and Giam M. Nguyen, Deputy Attorneys General, for Defendants and Respondents.

-ooOoo-

---

*        Before Hill, P. J., Levy, J. and Snauffer, J.

Appellant Silus M. Valson[1] challenges the trial court's decision to deny his request to substitute parties in a case first filed in 2013 but dismissed in 2014. Our review of the record provided to this court and the relevant legal authorities leads us to conclude this appeal is sought from an unappealable order, and further, if treated as a request for a writ from an unappealable order, the trial court acted appropriately by denying appellant's attempt to revive the action by substituting in new parties. The order entered by the trial court is affirmed.

## PROCEDURAL AND FACTUAL SUMMARY[2]

On July 24, 2013, plaintiff filed a complaint for damages alleging that while he was incarcerated at Kern Valley State Prison, he was exposed to unhealthy levels of arsenic in the prison drinking water, resulting in plaintiff experiencing physical symptoms or injuries to his heart and circulatory system. In June 2014, the trial court sustained a demurrer to the complaint stating appellant failed to file a claim under the Government Claims Act, and further, that certain claims were barred due to immunities provided under federal law. The case was then dismissed in July 2014.

Instead of appealing from this dismissal, appellant filed a motion in the trial court in September 2014 for relief from the judgment, citing Code of Civil Procedure[3] section 473, subdivision (b). Concluding appellant failed to present any facts showing

---

[1]     We take note of a discrepancy in the record regarding appellant's first name. While orders issued by the Kern County Superior Court incorrectly refer to appellant as "Silas," appellant, the Attorney General, and this court all use the spelling "Silus."

[2]     On this court's own motion, we take judicial notice of the prior opinion in *Silus M. Valson v. State of California et al.* (Oct. 17, 2016, F072065) [nonpub. opn.], pursuant to Evidence Code sections 452, subdivision (d) and 459. A portion of the procedural and factual summary is derived from this prior opinion.

[3]     All further statutory references will be to the Code of Civil Procedure, unless otherwise specified.

mistake, inadvertence, surprise or excusable neglect, the trial court denied this motion on December 4, 2014, without prejudice. A similar motion also citing section 473 was also denied by the trial court in February 2015. The trial court noted while appellant had now filed a late claim under the Government Claims Act, appellant failed to seek relief from the appropriate entity for filing a late claim before attempting to revive his complaint in the trial court.

Appellant's third motion to the trial court cited section 1008 and asked for reconsideration of his prior motion. In June 2015, the trial court dismissed the motion, noting a judgment had been rendered, stating it lacked jurisdiction to grant any further relief. An appeal to this court followed.

This court affirmed the decision of the trial court in October 2016 on two grounds. First, the court recognized the fact appellant filed his first motion under section 473 more than six months after the demurrer to his complaint was sustained. Second, the court agreed with the trial court that appellant failed to file a timely claim and/or challenge under the Government Claims Act. Following our review, we affirmed the trial court's decision and found no abuse of discretion in the decision to deny appellant's request for relief from the prior dismissal. A remittitur was issued in the case in December 2016.

In March 2015, appellant filed an amended complaint in the United States District Court for the Eastern District of California, alleging a federal civil rights claim based on the same or similar facts pled in the state action. This action, however, included new defendants, Matthew Cates (the former Secretary of the Department of Corrections and Rehabilitation), and Martin Biter (the former Warden of Kern Valley State Prison). When it granted a judgment on the pleadings, the court dismissed the federal action citing "res judicata" and stated appellant should have pursued his remedy in the state court by including these new defendants who he was now pursuing in the federal case. That decision was affirmed by the Ninth Circuit Court of Appeals on July 10, 2020, holding

3.

the claims raised against the named defendants could have been or were part of the prior state action that resulted in a final judgment.

Appellant has now returned to this court after attempting to revive his prior action with a new filing in the trial court. Soon after the ruling from the Ninth Circuit, appellant filed a motion to amend his earlier complaint to add the civil rights claims, and to add Cates and Biter as defendants. The trial court denied this motion in January 2021, citing section 473, preventing the addition of new parties, and section 583.310, which requires that actions be brought to trial within five years of their being initiated.

In July 2021, appellant filed an ex parte motion seeking an order "compelling joinder of persons and substitution of parties." This motion was eventually denied on October 26, 2021, and a notice of appeal was filed on December 17, 2021.

## DISCUSSION

While appellant cites various theories justifying his request to revive his earlier action, there are problems with this new filing that he cannot overcome. Appellant is attempting to proceed by filing his new motion as an extension of the action filed in the Kern County Superior Court in 2013. Again, that case was dismissed after a demurrer was sustained and this court affirmed that decision. That case was terminated in 2016.

## I. Appellant Is Not Proceeding Under an Appealable Order

Section 904.1 provides a list of what are considered appealable orders. Primarily, an appeal must follow a judgment. (§ 904.1, subd. (a)(1).) The order appellant is appealing from may be viewed as following a judgment, however, the case it is attempting to "follow" was dismissed some time ago.

"[N]ot every postjudgment order that follows a final appealable judgment is appealable." (*Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644, 651.) A trial court generally lacks jurisdiction to act further in an action that has been dismissed except for the limited purpose of awarding costs and attorney's fees. (*Associated Convalescent Enterprises v. Carl Marks & Co., Inc.* (1973) 33 Cal.App.3d 116, 120.) However, orders

4.

entered after an appealable judgment may also be considered appealable if they pass three additional tests: "(1) the issue is different from the issues decided in the judgment; (2) the order affects the judgment or relates to its enforcement; and (3) the order is not 'preliminary to a later judgment.' " (*In re Marriage of Tim & Wong* (2019) 32 Cal.App.5th 1049, 1053–1054.) Appellant has failed to show how adding these two new parties to the case raises new issues than those decided in the prior judgment, is related to the enforcement of the prior judgment, or is preliminary to a later judgment.

In support of his appeal here, appellant cites section 473, subdivision (b), which provides in relevant part:

> "The court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect. Application for this relief shall be accompanied by a copy of the answer or other pleading proposed to be filed therein, otherwise the application shall not be granted, and shall be made within a reasonable time, *in no case exceeding six months*, after the judgment, dismissal, order, or proceeding was taken." (Italics added.)

Appellant exceeded the six-month window provided in section 473 by several years. This limitation cannot be overcome by simply using the same case number and filing documents into that court file to resurrect a case terminated in 2016. (*Harris v. Billings* (1993) 16 Cal.App.4th 1396, 1405.) Again, when a dismissal has properly been filed, the trial court loses generally jurisdiction to act in the case. (*Ibid*.)

The final judgment rule was designed to prevent piecemeal dispositions and multiple appeals that burden the court and impede the judicial process. (*In re Marriage of Grimes & Mou* (2020) 45 Cal.App.5th 406, 418.) After the remitter was issued by this court in 2016, the case ended. Appellant's only option now is to file a new case with new defendants and a new injury, after meeting the requirements of the Government Claims Act, a problem that defeated his case in the last appeal. (See Gov. Code, § 810 et seq.)

5.

Appellant relies on section 583.310 to argue he is not prevented from pursuing a claim against these new defendants since the requirement that actions be brought to trial within five years would only run from the date they are added. However, because there is no valid action pending into which new parties can be added, section 583.310 does not save appellant's case here. There is no action pending, and therefore, no action that must be brought to trial within five years. This requirement will only apply once appellant initiates a new valid action. Appellant's reliance on *Gray v. Firthe* (1987) 194 Cal.App.3d 202, 205–206, is inappropriate as the question posed in that case concerned the addition of new parties to a case before it was dismissed, but before the new defendants were subject to the five-year threshold.

Again, because there was no valid pending action, appellant's effort to add these parties to the earlier dismissed action lacked legal authority. The denial of appellant's ex parte motion to join or substitute in new parties was not an appealable judgment or order under section 904.1.

## II.     Appellant Would Not Be Successful Even if This Filing Was Treated as an Extraordinary Writ

Even if we were to treat appellant's appeal as a writ seeking extraordinary relief, we cannot conclude this action is viable. A request to amend a pleading is subject to the trial court's use of discretion. (*Fair v. Bakhtiari* (2011) 195 Cal.App.4th 1135, 1147.) The trial court's decision will be upheld unless there is a manifest or gross abuse of discretion. (*Ibid*.) Appellant has the burden to demonstrate the trial court abused its discretion. (*Ibid*.)

Again, appellant sought to add two new parties to a state action filed in 2013. This is a problem as the complaint in the prior case alleged harm from exposure to tainted water in 2012. We cannot imagine a factual scenario that would not be barred by even the most generous statute of limitations, nine to 10 years later. There is also no evidence legislation was passed extending a statute of limitations potentially "reviving" appellant's

6.

case, such as has been done in cases involving the sexual abuse of minors. (See *Lent v. Doe* (1995) 40 Cal.App.4th 1177, 1183–1184.) Even if we considered the matter was tolled during the pendency of the first appeal, any applicable statute of limitations would have expired between 2016 and 2019, before this new effort was initiated.[4] "A necessary person cannot be made a party to the action when the statute of limitations has expired." (*Pinto Lake MHP LLC v. County of Santa Cruz* (2020) 56 Cal.App.5th 1006, 1014.)

Based on the record we have been provided, we cannot conclude the trial court abused its discretion when rejecting appellant's ex parte application to add new parties to the prior lawsuit. It is our opinion appellant's only option is to initiate a new lawsuit, if there are facts showing a new injury or continuing conduct that falls within the applicable statute of limitations, but only after he has pursued a timely claim under the Government Claims Act.

## III.    Appellant's Motion to Substitute and Discharge Parties is Denied

On June 6, 2022, appellant submitted a motion to this court asking that Cates and Biter be substituted in as defendants to state court action initiated in 2013, and further, that "Defendants State of California, et al.," be discharged. After a response to that motion was filed by the Attorney General opposing the request, this court entered an order on July 8, 2022, deferring a decision on the motion "pending consideration of the appeal on its merits."

We have now considered the merits of the appeal and have concluded, as discussed above, that a valid action in the lower court is no longer pending. The motion is, therefore, denied.

---

**4**    Most relevant statutes of limitations for personal injuries are two years. (§ 335.1.) Furthermore, because appellant filed the earlier action in 2014, he will not be able to argue delayed discovery of his claim now.

## **DISPOSITION**

The order denying appellant's ex parte motion compelling joinder of persons and substitution of parties is affirmed.  The parties bear their own costs on appeal.