[Civ. No. 30350.   Second Dist., Div. Four.   Apr. 21, 1967.]

CARMEN P. MEMBRILA, Plaintiff and Appellant, v. VONETT SALES COMPANY et al., Defendants and Respondents.

Berris & Niles and Robert S. Mendelsohn for Plaintiff and Appellant.

Moss, Lyon & Dunn, Robert W. Rodolf, Henry F. Walker, McBain & Morgan, James L. Roper and Gordon B. Severance for Defendants and Respondents.

BISHOP, J. pro tem.*—The complaint in this action was filed February 21, 1962. An amended complaint was filed June 1, 1962, followed on January 17, 1963, by an amendment to the complaint. Over two years later, more than three years after the action was commenced, defendant Vonett Sales Company filed a notice of motion to dismiss for failure to bring the case to trial. It was opposed, partly on the plea that to grant it would deprive plaintiff of her day in court. The motion was granted.

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

On August 6, 1965, a notice of its motion to dismiss was filed by defendant Clairol, Inc. and a like notice was filed by defendant Salvador Garcia. Thereupon plaintiff gave notice that she would seek a reconsideration of the motion that was already granted. In support of her opposition to the new motions to dismiss, and of her motion to reconsider, she filed a declaration "in answer to the allegations that the file has lain dormant." It listed some 18 events since March 21, 1962, the inaccurate date given for commencing the action, including several actions taken by the defendants and concluding the schedule of events with this one: "23. August 28, 1964. Special Pretrial Settlement Conference scheduled in Department 2. For some reason, unknown to this declarant, said Pretrial Conference was never held."

On August 19, 1965, plaintiff's motion for an order granting a reconsideration of the order dismissing the action as to defendant Vonett Sales Company, was denied, and two orders were made granting the motions of defendants Clairol, Inc. and Salvador Garcia, to dismiss. In connection with his ruling the trial judge filed a memorandum in which he declined to reconsider the order of dismissal already made and which concluded with this sentence, respecting the motions by the other two defendants: "The court finds that as to these defendants plaintiff has inexcusably failed to prosecute her action diligently or to bring it to trial for three and a half years from the date it was commenced." As a consequence, he granted their motions to dismiss.

█ Section 583 *requires* a dismissal of an action if it is not brought to trial within five years after it is commenced, and *authorizes* a dismissal, within the discretion of the trial court if it is not brought to trial within two years. As the time passes from two years nearer and nearer to five, the showing required to justify a failure to bring a case to trial grows greater and greater. █ In this case we find no abuse of discretion in the order made. It is affirmed.

Jefferson, Acting, P. J., and Kingsley, J., concurred.