[Civ. No. 23219.   First Dist., Div. Two.   July 27, 1967.]

PAUL KOWALSKI, Plaintiff and Appellant, v. SIMON J. COHEN et al., Defendants and Respondents.

Paul E. Sloane for Plaintiff and Appellant.

Cyril N. Volk for Defendants and Respondents.

TAYLOR, J.—Plaintiff appeals from an order dated March 5, 1965, dismissing his action for failure to bring the matter to trial within the time required by section 583 of the Code of Civil Procedure. Plaintiff argues that: (1) the court was without jurisdiction to grant defendants' motion for dismissal as the proper notice was not given; (2) the five-year statutory limitation provided for in said section ran from the time of the filing of the amendment to the original complaint; (3) defendants' claim for separate affirmative relief and damages prevented a dismissal; and (4) defendants produced no evidence that they were prejudiced or damaged because of plaintiff's delay. We have concluded that there is no merit in any of these contentions.

The facts are not in dispute. On October 10, 1959, the parties entered into a partnership agreement, whereby plaintiff agreed to purchase for $4,500 a one-half interest in defendants' Metro Rug Washing Company in San Francisco. On November 25, 1959, plaintiff filed his complaint in this action, alleging that defendants had failed to convey to him a one-half interest in the partnership. On February 17, 1960, plaintiff recorded a lis pendens. On March 24, 1960, plaintiff amended his complaint by changing the cause of action to one for fraud seeking a constructive trust. On June 1, 1960, defendants filed an answer denying the allegations of the amended complaint, and a counterclaim for $3,000 damages allegedly sustained by defendants because of plaintiff's refusal to devote any of his time and efforts to the partnership. After pretrial had been set for December 1, 1960, the matter was ordered off calendar on the motion of plaintiff in

order that additional necessary parties be identified and brought into the action and to commence additional discovery proceedings. Plaintiff apparently believed he was protected by the lis pendens and obtained the consent of his counsel to a substitution of attorneys.

On February 4, 1965, defendants noticed for February 10 a motion to dismiss based on plaintiff's failure to bring the matter to trial within the mandatory statutory period of five years. On February 8, 1965, plaintiff filed a memorandum to set and on the following day (February 9, 1965) moved for an extension of time to bring the matter to trial. At the February 10 hearing on the motion, the court granted defendants' motion to dismiss the action on the basis of the discretionary two-year period of the statute. On March 1, 1965, the court granted plaintiff's motion to reconsider. After an extensive discussion of both the discretionary (two-year) and mandatory (five-year) statutes of limitations provided by section 583 of the Code of Civil Procedure,[1] and the effect of defendants' counterclaim on plaintiff's motion, the court entered its order dismissing the action on both grounds.

■ Plaintiff first argues that defendants failed to give proper notice of the motion to dismiss the complaint on the basis of the discretionary two-year provision of the statute. The record indicates that the notice filed mentioned only the five-year provision of 583. However, both the two- and five-year periods of limitation were argued and no objections made by plaintiff's counsel either at the hearing of February 10 or the subsequent hearing of March 1. Plaintiff's appearance and participation at the hearings operated as a waiver of any objections he may have had predicated upon an asserted lack of notice (*Estate of Pailhe*, 114 Cal.App.2d 658, 661-662 [251 P.2d 76]).

■ Plaintiff, without citation of any authority, argues that the mandatory five-year period is not measured from the filing of his original complaint (November 25, 1959), but from the filing of his amended complaint alleging the new cause of action for a constructive trust (March 24, 1960). This argument was settled in the first case upholding the retroactive application of the present form of the statute (*Rosefield Pack-*

---

[1]Section 583 provides, in pertinent part, as follows: "The court may in its discretion dismiss any action for want of prosecution . . . whenever plaintiff has failed for two years after action is filed to bring such action to trial. . . . Any action . . . shall be dismissed . . . unless such action is brought to trial within five years after the plaintiff has filed his action. . . ."

*ing Co.* v. *Superior Court,* 4 Cal.2d 120, 124 [47 P.2d 716]). In *Rosefield,* the court held that the statutory period commences to run from the filing of the original complaint and not from the filing of any subsequent amended complaint. The court pointed out, at page 124, that to construe the statute, as here urged by plaintiff, would require a revision of the phrase, *within five years after the plaintiff has filed his action,* to *within five years after the plaintiff has filed his last amended complaint (Douglas* v. *Superior Court,* 94 Cal.App. 2d 395, 398 [210 P.2d 853]; *Anderson* v. *City of San Diego,* 118 Cal.App.2d 726 [258 P.2d 842]).

██  The major contention on appeal is that the action cannot be dismissed because the five-year period was extended to June 1, 1965, by defendants' separate and affirmative claim for relief. As indicated above, on June 1, 1960, defendants filed an answer and a pleading, denominated a counterclaim, seeking damages for $3,000 for plaintiff's failure to devote himself to the business of the partnership. Plaintiff now asserts that defendants' pleading extends the five-year period on the complaint and that, in any event, the complaint cannot be dismissed before the dismissal of the counterclaim.

Where a defendant, by his pleading, is seeking affirmative relief, as in this case, he is an independent actor, whether the pleading is treated as a counterclaim or a cross-complaint *(Tomales Bay etc. Corp.* v. *Superior Court,* 35 Cal.2d 389 [217 P.2d 968]). Thus, defendants had five years from the filing of their pleading to bring their cause to trial, and were not required to dismiss it prior to a consideration of their motion to dismiss plaintiff's complaint. Plaintiff must bear the burden of bringing his own cause promptly to trial and he is not excused therefrom by defendants' plea for affirmative relief. As stated in *Wutchumna Water Co.* v. *Stevenson,* 204 Cal. 191, 192 [267 P. 537]: "The fact that the defendant had also appeared, seeking affirmative relief by way of cross-complaint and counterclaim did not serve to relieve the plaintiff of the duty cast upon it to promptly prosecute its action, and certainly did not relieve it of the duty of offering upon the hearing of the defendant's motion to dismiss some adequate reason or excuse for the delay" *(Wiggins* v. *Washington Nat. Ins. Co.,* 246 Cal.App.2d 840, 847 [55 Cal.Rptr. 129]; *Tomales Bay etc. Corp.* v. *Superior Court, supra).*

Plaintiff argues that it is patently inequitable to allow defendants to preserve their counterclaim while demanding the dismissal of plaintiff's complaint. We see nothing unfair

in requiring each party to prosecute their respective affirmative claims with reasonable diligence. However, the record here shows that defendants considered their motion to dismiss the complaint sufficiently broad to include a request to dismiss their own counterclaim and that the counterclaim was actually dismissed by the court, on this understanding, prior to its dismissal of plaintiff's complaint.[2]

Plaintiff objects to the trial court's finding that defendants were prejudiced by plaintiff's failure to prosecute his action more expeditiously. It is contended that it was incumbent upon defendants to introduce factual evidence that their position suffered because of plaintiff's inaction but the law does not require defendants to support a motion to dismiss under section 583 by an affirmative showing of prejudice. Prejudice may be presumed from the unreasonable delay (*Knight* v. *Pacific Gas & Elec. Co.*, 178 Cal.App.2d 923, 929 [3 Cal.Rptr. 600]).

We conclude that the court was justified in dismissing the complaint under the five-year mandatory limitation of Code of Civil Procedure section 583. It follows that the court did not abuse its discretion in also basing its dismissal on the lesser two-year discretionary provision of the same section (*Membrila* v. *Vonett Sales Co.*, 250 Cal.App.2d 299, 300 [58 Cal. Rptr. 544] ; *Knight* v. *Pacific Gas & Elec. Co., supra*).

The order of dismissal is affirmed.

Shoemaker, P. J., and Agee, J., concurred.

A petition for a rehearing was deemed denied August 28, 1967, pursuant to rule 27(e), California Rules of Court. Appellant's petition for a hearing by the Supreme Court was denied September 21, 1967.

---

[2]Prior to the court's granting of plaintiff's motion to dismiss, defense counsel stated: "I don't think it necessary to release it. I think it is automatically released by the dismissal of the action, because it is a counterclaim.

"THE COURT: I will consider it as though you made a motion to dismiss it. *I dismiss it.*" (Italics ours.)

(Plaintiff admits in his brief that the court reporter erred in attributing to plaintiff's counsel the above remarks of defense counsel.)