[No. A114840. First Dist., Div. One. Oct. 22, 2007.]

CAROL BRUMLEY et al., Plaintiffs and Appellants, v.
FDCC CALIFORNIA, INC., et al., Defendants and Respondents.

314

---

---

**COUNSEL**

Brayton Purcell, Alan R. Brayton, Lloyd F. LeRoy and Mary E. Pougiales for Plaintiffs and Appellants.

Vasquez & Estrada, Patricia Kantor Conway, Richard D. Dumont, Miriam P. Maxwell and Denise Mejlszenkier for Defendants and Respondents FDCC California, Inc., Scott Co. of California and Allied Heating & Air Conditioning.

Adams|Nye|Sinunu|Bruni|Becht, James N. Sinunu, Christopher B. Bruni and Kelly L. Cowan for Defendants and Respondents Amcord, Inc., B.T. Mancini Co., Inc., Fischbach and Moore, Inc., Hanson Aggregates West, Inc., and Rosendin Electric, Inc.

Bishop, Barry, Howe, Haney & Ryder and Mary Margaret Ryan for Defendants and Respondents Ireland Interior Systems, Inc., Pierce Lathing Co., Raymond Interior Systems-North and SRI International.

Dang and Trachuk, Thomas J. Trachuk and Michael J. Greathouse for Defendant and Respondent Anderson Constructors, Inc.

Hassard Bonnington and Nicole T. Roberts for Defendant and Respondent Sequoia Ventures, Inc.

Imai, Tadlock, Keeney & Cordery and Michael J. Boland for Defendant and Respondent Rich-Tex, Inc.

Law Offices of Mark P. Krinsky and Mark P. Krinsky for Defendants and Respondents J.S. Guerin & Company and San Francisco Gravel Company, Inc.

Prindle, Decker & Amaro and Grace C. Mori for Defendants and Respondents Consolidated Insulation, Inc., Del Webb Corporation, Frederick Meiswinkel, Inc., Haas & Haynie Corporation and W.G. Thompson, Inc.

Stevens, Drummond & Gifford and David A. Gifford for Defendants and Respondents Domco Products Texas and Kelly-Moore Paint Company, Inc.

Vogl & Meredith, David R. Vogl and David A. Firestone for Defendant and Respondent Pacific Supply, a Division of Pacific Coast Building Products, Inc.

McKenna Long & Aldridge, Christopher W. Wood, Daniel B. Hoye and Sara M. Parker for Defendant and Respondent D. Zelinsky & Sons, Inc.

Archer Norris, W. Eric Blumhardt and Kimberly M. Amick for Defendant and Respondent Cahill Contractors, Inc.

## OPINION

**MARGULIES, J.**—Plaintiffs' decedent, William Brumley, filed suit several years ago in connection with alleged noncancerous asbestos injuries. Nearly four years after he filed suit, Brumley developed an asbestos-linked lung cancer and died. Thereafter, plaintiff Carol Brumley, his widow, was granted leave to file an amended complaint asserting wrongful death claims of her and her children and substituting herself as Brumley's personal representative to assert survivorship claims.

After plaintiffs failed to secure a trial on the amended complaint within five years of the filing of the original complaint, their entire lawsuit was dismissed pursuant to Code of Civil Procedure sections 583.310 and 583.360.[1] Plaintiffs concede that the original noncancer survivorship claims are barred by the five-year rule, but they contend that the wrongful death claims, Mrs. Brumley's loss of consortium claim, and the cancer survivorship claim should not have been dismissed. We agree and reverse as to those claims.

## I. BACKGROUND

Brumley filed a complaint for asbestos injury on August 18, 2000. The complaint alleged several causes of action against a wide variety of defendants in an abbreviated form permitted by the court's general orders governing asbestos litigation. Brumley alleged generally that his "exposure to asbestos and asbestos-containing products caused severe and permanent injury to the plaintiff, including, but not limited to breathing difficulties, asbestosis, and/or other lung damage, and increased risk and fear of developing mesothelioma, lung cancer and various other cancers. Plaintiff was diagnosed with asbestosis and asbestos-related pleural disease on or about March 2000."

Brumley appeared for a scheduled trial date on June 21, 2004, and was directed to settlement negotiations, rather than sent to trial. Before any further trial date was set, it became known that he had been diagnosed with lung cancer.

Brumley died on October 18, 2004, before his action was brought to trial. On March 2, 2005, Brumley's wife moved to be appointed successor in interest to pursue Brumley's surviving claims and to file an amended complaint that joined her own and their children's claims for wrongful death. The third amended complaint substituted Mrs. Brumley and the three children as plaintiffs, included claims for loss of consortium and wrongful death, and alleged that "Decedent's exposure to asbestos and asbestos-containing products caused severe and permanent injury to the decedent, including, but not

---

[1] All statutory references are to the Code of Civil Procedure.

limited to breathing difficulties, asbestosis, lung and/or other cancer, mesothe-lioma, and/or other lung damage. Decedent was diagnosed with lung cancer on or about June 2004, and with asbestosis and asbestos-related pleural disease on or about March of 2000." The motion was granted.

These changes caused procedural delays, but a second trial date of April 3, 2006, was eventually set. Plaintiffs' counsel apparently realized only after-ward that this date would exceed the five-year limit of section 583.310, for on January 26, 2006, plaintiffs filed a motion requesting either an earlier trial date or an extension of the five-year limitation of section 583.310. According to plaintiffs, the five years applicable to the original complaint would expire in February 2006, having been tolled during the period from Brumley's death until Mrs. Brumley's appointment.

Several defendants opposed the motion, arguing that the five years had already run on August 18, 2005, exactly five years from the date of filing of Brumley's original complaint. Alternatively, defendants argued, even if the time following Brumley's death was excluded, the five years expired on January 27—the day following the filing of Mrs. Brumley's motion. Their various oppositions also included facts that, they argued, demonstrated that plaintiffs' counsel had not been diligent in pursuing the action. Based on these facts, defendants FDCC California, Inc., Scott Co. of California, and Allied Heating & Air Conditioning Co. requested an order dismissing the case under section 583.310.

In response, plaintiffs argued that several periods of tolling should be recognized and that, in any event, only Brumley's surviving causes of action should be dismissed as beyond the five years, since the wrongful death claims did not arise until much later.

The trial court granted the motion to dismiss, holding, "under [sections] 583.310 and 583.360(a) plaintiffs failed to bring this case to trial within five years of the filing of the original complaint in this matter. The Court also finds that the calculation of the five years within which to bring this case to trial pursuant to [section] 583.310 was tolled during the period of time between decedent William Brumley's death and the appointment of Carol Brumley as his successor-in-interest. In addition, the Court finds that the amended complaints filed in this action relate back to the date that the original complaint was filed for purposes of calculating whether this case was brought to trial within five years pursuant to [sections] 583.310 and 583.360(a). The Court further finds that plaintiffs failed to establish that it was impractical, impossible or futile to bring this case to trial within that five-year period of time."

## II. DISCUSSION

Plaintiffs concede that the survivorship claims seeking recovery for Brumley's noncancer asbestos disease are barred by the five-year rule, but they argue that the remaining claims, including the wrongful death claims and the cancer survivorship claim, should not have been dismissed because those causes of action do not relate back to Brumley's original personal injury claims. Because this particular question requires the application of a legal doctrine to undisputed facts, rather than an exercise of discretionary judgment by the trial court, we review the trial court's decision de novo. (E.g., *Tamburina v. Combined Ins. Co. of America* (2007) 147 Cal.App.4th 323, 328 [54 Cal.Rptr.3d 175].)

### A. Barrington v. A. H. Robins Co.

■ The trial court dismissed the entirety of plaintiffs' claims under sections 583.310 and 583.360. Section 583.310 states, "An action shall be brought to trial within five years after the action is commenced against the defendant." "Commencement" of an action for purposes of section 583.310 and its predecessor, former section 583, is firmly established as the date of filing of the initial complaint. (E.g., *Kowalski v. Cohen* (1967) 252 Cal.App.2d 977, 980 [60 Cal.Rptr. 874].) Section 583.360 prescribes the remedy for a violation of section 583.310: "An action shall be dismissed by the court . . . if the action is not brought to trial within the time prescribed in this article." (§ 583.360, subd. (a).) The trial court reasoned that because plaintiffs' lawsuit had not been brought to trial within the five years of its filing, and because "plaintiffs failed to establish that it was impractical, impossible or futile to bring this case to trial within that five-year period of time," its dismissal was required by section 583.360.

The trial court's reasoning was wholly consistent with the statutory language and commonly recognized exceptions to section 583.310. Ordinarily, if a party fails to bring a case to trial within five years and is unable to demonstrate that it was impracticable to bring the case to trial within that time, the action should be dismissed. (See, e.g., *General Motors Corp. v. Superior Court* (1966) 65 Cal.2d 88, 96–97 [52 Cal.Rptr. 460, 416 P.2d 492] (*General Motors*).) While acknowledging this rule, plaintiffs argue that a somewhat different rule must be applied when causes of action that could have been the subject of a separate lawsuit are joined by amendment after the filing of the original complaint. In making this argument, plaintiffs rely exclusively on *Barrington v. A. H. Robins Co.* (1985) 39 Cal.3d 146 [216 Cal.Rptr. 405, 702 P.2d 563] (*Barrington*), a case that arose in the context of former section 581a (a portion of which is now codified as § 583.210).

■ In *Barrington*, the plaintiff initially filed an action alleging medical malpractice and negligence in connection with her use of Darvon, a prescription medicine. Several months later, she amended the complaint to substitute

defendant A. H. Robins Company (Robins) for a fictitious defendant, alleging that the same injuries she had attributed to Darvon were caused by her use of the Dalkon Shield, an intrauterine contraceptive device. Plaintiff then failed to serve Robins within three years from the date of the filing of her original complaint. In a motion granted prior to the expiration of three years from the date the complaint was amended to substitute Robins, the trial court dismissed her action, reasoning that the failure to serve within three years violated former section 581a. (*Barrington, supra*, 39 Cal.3d at p. 149.) Former section 581a, subdivision (a) then required, as does section 583.210 today, that "[n]o action . . . shall be further prosecuted . . . and . . . shall be dismissed by the court . . . unless the summons on the complaint is served and return made within three years after the commencement of said action . . . ."[2] In the face of the statutory language requiring dismissal, the plaintiff argued that the court should apply the "relation back" doctrine, a doctrine ordinarily applied in connection with statutes of limitation. (*Barrington,* at p. 150.) That doctrine holds that if a new cause of action added by amendment "relates back" to the claims of the initial complaint, the new cause of action will be deemed, for purposes of the statute of limitations, to have been filed on the date of filing of the initial complaint. The plaintiff in *Barrington* argued that, conversely, because the cause of action against Robins did *not* relate back to her original claims, that cause of action should be deemed, for purposes of former section 581a, to have been commenced at the time she filed the amended complaint. (*Barrington,* at p. 150.) Accordingly, that cause of action would not be subject to dismissal under former section 581a.

The Supreme Court noted that the trial court had refused to adopt the plaintiff's argument because "the relation back rule has so far been confined to the statute of limitations . . . ." (*Barrington, supra*, 39 Cal.3d at p. 152.) In explaining its contrary conclusion that the doctrine should also be applied in the context of former section 581a, the court noted, "The nature and purpose of section 581a and the statute of limitations, after all, are virtually identical. 'In essence, these statutes [§§ 581a, 583] are similar to the statutes of limitation, only they operate during the period after the plaintiff files the complaint rather than before the plaintiff files the complaint.' [Citation.] [¶] Both section 581a and the statute of limitations were designed to move suits expeditiously toward trial. [Citation.] Both statutes were enacted to promote the trial of the case before evidence is lost or destroyed, and before witnesses become unavailable or their memories dim. [Citation.] And both statutes conflict with the 'strong public policy' that seeks to dispose of litigation on

[2] Section 583.210 now states more succinctly, "The summons and complaint shall be served upon a defendant within three years after the action is commenced against the defendant." (§ 583.210, subd. (a).) Section 583.250, subdivision (a)(2) prescribes dismissal as the remedy for a violation.

the merits rather than on procedural grounds. [Citation.]" (*Barrington*, at p. 152.) Because of this similarity, the court held that "certain exceptions created to mitigate the harshness of the statute of limitations—such as the relation-back rule—should be applied also to section 581a." (*Ibid.*)

In concluding, the court also noted, "The failure to apply the relation-back rule when an amended complaint contains a new cause of action based on different operative facts is likely to lead to an absurd result. Here, the plaintiff could have filed her Dalkon Shield cause of action as a separate lawsuit. Instead, she chose to take advantage of the liberal rules of joinder of causes of action. Had she not elected to join all her causes of action in one pleading in the interests of judicial economy, she would not have faced dismissal under section 581a. [¶] . . . Any rule that penalizes a plaintiff for the mere form in which the pleadings are cast is inherently unfair and deserves to be discarded." (*Barrington, supra*, 39 Cal.3d at p. 157.)

We agree with plaintiff that the reasoning of *Barrington* requires us to apply the relation-back doctrine in the context of section 583.310. While we recognize, as defendants argue, that section 583.310 is a different statute from former section 581a, the rationale for the *Barrington* decision applies equally to section 583.310. The fundamental basis for the court's decision was that the "nature and purpose of section 581a and the statute of limitations, after all, are virtually identical." (*Barrington, supra*, 39 Cal.3d at p. 152.) In its subsequent discussion (*ibid.*), the court actually cited the predecessor of current section 583.310, former section 583, along with former section 581a, in its discussion of statutes that have a "virtually identical" nature and purpose as statutes of limitation. Nor was *Barrington* the first to observe that the five-year rule is similar in purpose to a statute of limitations. In *General Motors, supra*, 65 Cal.2d at page 91, the Supreme Court noted, "The purposes served by [former section 583] are somewhat analogous to those underlying statutes of limitation. Both types of statutes promote the trial of cases before evidence is lost, destroyed, or the memory of witnesses becomes dimmed. The statutes also protect defendants from being subjected to the annoyance of an unmeritorious action remaining undecided for an indefinite period of time." The five-year rule, the three-year rule, and statutes of limitation all share the same fundamental purpose of ensuring that claims are brought to trial within a reasonable period of time; the three- and five-year rules operate after the complaint is filed, while statutes of limitation operate prior to filing. (*Barrington*, at p. 152.) If, as the Supreme Court directed in *Barrington,* the relation-back doctrine should be applied to section 583.210 for that reason, it should be applied to section 583.310 as well.

In addition, it is equally true here that the failure to apply the relation-back doctrine could lead to an absurd result. There is no doubt that plaintiffs could have filed their wrongful death, cancer survivorship, and loss

of consortium claims in a separate action; had they followed that course, they would not have faced section 583.310 on these claims until 2010. Instead, they chose the judicially more economical path of filing an amended complaint. Unless we follow *Barrington*, plaintiffs will be penalized solely for their procedural election. As noted in *Barrington,* "Any rule that penalizes a plaintiff for the mere form in which the pleadings are cast is inherently unfair and deserves to be discarded." (*Barrington, supra*, 39 Cal.3d at p. 157.)

We find further support for this course in *General Motors*. In that case, the plaintiffs, husband and wife, filed a product liability action for injuries suffered in an auto accident. Three years later, the wife died from her injuries. The husband and their children filed a separate wrongful death lawsuit, which was later consolidated with the original lawsuit under former section 377 (now § 377.62). When five years expired from the date of filing of the original lawsuit, the defendant sought its dismissal. The trial court denied the motion. (*General Motors, supra*, 65 Cal.2d at p. 90.)

In affirming the trial court's decision, the Supreme Court noted that the plaintiffs were compelled by former section 377 to consolidate the two actions and that it would have been inefficient to conduct two trials, since the underlying facts were identical. (*General Motors, supra*, 65 Cal.2d at pp. 92, 96.) The court further observed that it would have been "impracticable" to bring the wrongful death action to trial within the five years afforded the original action. (*Id.* at p. 97.) Accordingly, the court rejected a "mechanical application" of former section 583 that would have required dismissal of the original lawsuit. (65 Cal.2d at p. 96.)

*General Motors* illustrates a further absurdity that would result from affirmance in these circumstances. Had plaintiffs filed a separate lawsuit with their new claims, consolidated it with the original action, and demonstrated that it was impractical to bring the consolidated action to trial within the time allotted the original action, under *General Motors* they would have been able to insulate the noncancer survivorship claims from the five-year rule, as well as their new claims.[3] As a result of their choosing the alternate course of an amended complaint, they have already been forced to concede the loss of the original survivorship claims. If we affirm, plaintiffs will also lose their new cliams, the precise opposite of the result reached in *General Motors*.[4]

---

[3] In applying the former section 583 exception for impracticability, *General Motors* focused solely on the wrongful death action. Plaintiffs here made no separate attempt to demonstrate that it would have been impractical to bring their new claims for cancer, wrongful death, and loss of consortium to trial within the time allotted the original noncancer survivorship claims, since, unlike the situation in *General Motors,* the former claims were not the subject of a separate action.

[4] *General Motors* did not address dismissal of the wrongful death claims. Because these claims were contained in a separate action, and were therefore governed by a different

We also note that defendants have not demonstrated any prejudice that would accrue to them if the wrongful death claims are preserved. These claims did not arise until Brumley's death in 2004. As noted above, if a separate lawsuit had been filed, the five years would not have run until 2010. Further, defendants have been able to conduct discovery since 2000 on the nature of Brumley's asbestos exposure and his injuries.

Defendants argue that to apply a different five-year rule to causes of action within a complaint violates the plain language of section 583.310, which refers to dismissal of an entire "action," rather than separate causes of action within an action. (See, e.g., *Nassif v. Municipal Court* (1989) 214 Cal.App.3d 1294, 1298 [263 Cal.Rptr. 195].) While we recognize the logic of this objection, we are bound by *Barrington* in this regard. Former section 581a also spoke of an "action" in the singular, but *Barrington* was nonetheless willing to treat causes of action separately under the statute, even though they were part of the same action. Further, the court expressly rejected a similar argument made by the defendants in *Barrington*, premised on the language of then newly enacted section 583.210, concluding that there was no evidence the Legislature intended to preclude application of the relation-back doctrine in these circumstances. (*Barrington, supra*, 39 Cal.3d at pp. 155–156.)

Defendants also argue that the filing of an amended complaint has consistently been held not to restart the five years under section 583.310. The cases they cite, however, all predate *Barrington*. (E.g., *Rosefield Packing Co. v. Superior Court* (1935) 4 Cal.2d 120, 125 [47 P.2d 716]; *Kowalski v. Cohen, supra*, 252 Cal.App.2d at pp. 979–980; *Anderson v. City of San Diego* (1953) 118 Cal.App.2d 726, 731 [258 P.2d 842].) More importantly, there is no indication in any of the cited decisions that the claims introduced in the amended complaints differed in any substantial way from the original claims—in other words, that they did not relate back to the original claims. *Barrington* only helps plaintiffs here if their claims are sufficiently distinct from the decedent's original claims that they do not relate back, a subject discussed below. Because none of the cited cases even mentions, let alone considers, the relation-back doctrine, they cannot be deemed controlling authority in light of the intervening decision in *Barrington*.

Defendants also argue that *Barrington* was overruled, or at least undercut, by *Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383 [87 Cal.Rptr.2d 453, 981 P.2d 79] (*Norgart*). In *Norgart*, a relation-back case decided in the more common statute of limitations context, the court cited a number of cases holding that the statute of limitations defense was " 'favored' " as well as a few, including *Barrington*, holding that the defense is " 'disfavored.' " (*Norgart*, at p. 396.) The court effectively, if politely, disapproved of this language in each cited

five-year period than the survivorship claims, dismissal of the wrongful death claims was neither raised nor considered as a possibility.

case, holding, "Perhaps, to speak more accurately, the affirmative defense based on the statute of limitations should not be characterized by courts as either 'favored' or 'disfavored.' The two public policies identified above—the one for repose and the other for disposition on the merits—are equally strong, the one being no less important or substantial than the other." (*Ibid.*) No further negative mention was made of *Barrington.*

As discussed above, *Barrington* was premised largely on (1) the similarity in nature and purpose between statutes of limitation and the three-year rule and (2) the unfair result that would occur if the relation-back doctrine were not applied. While the purportedly disfavored nature of the statute of limitations defense was mentioned by the court, it was not the primary motivating force behind the decision. For that reason, while *Norgart* may have disapproved of one aspect of the reasoning of *Barrington,* it did not undercut the fundamental premises on which the court's decision rested.

## B. *Relation Back*

A new cause of action in an amended complaint is held to relate back to the earlier pleaded claims if the later cause of action "(1) rest[s] on the *same general set of facts*, (2) involve[s] the *same injury*, and (3) refer[s] to the *same instrumentality*, as the original one." (*Norgart, supra,* 21 Cal.4th at p. 409.)

In *Bartalo v. Superior Court* (1975) 51 Cal.App.3d 526 [124 Cal.Rptr. 370] (*Bartalo*), the plaintiff sued to recover for injuries she suffered in an auto accident. Sometime later, after expiration of the applicable statute of limitations, her husband filed a claim for loss of consortium arising out of her injuries. (*Id.* at p. 528.) The court found that the loss of consortium claim did not relate back to the wife's claims for injury because "Husband's claim to a loss of consortium is a wholly different legal liability or obligation. The elements of loss of society, affection and sexual companionship are personal to him and quite apart from a similar claim of the wife. True, in a sense it is derivative because it does not arise unless his wife has sustained a personal injury, however, his claim is not for her personal injuries but for the separate and independent loss he sustained." (*Id.* at p. 533.)

Two recent cases building on this general principle lead to the inescapable conclusion that the wrongful death and loss of consortium claims of heirs do not relate back to the decedent's personal injury claims arising from his or her fatal injury.[5] In *San Diego Gas & Electric Co. v. Superior Court* (2007) 146 Cal.App.4th 1545 [53 Cal.Rptr.3d 722] (*San Diego Gas & Electric*), relatives of soldiers killed in a helicopter accident brought suit, alleging

---

[5] We note that these cases are sufficiently new that neither was available to the trial court when it ruled that the new causes of action did relate back to Brumley's original claims.

various survivorship and wrongful death claims. On the eve of trial, the plaintiffs sought to file an amended complaint adding wrongful death claims by the widow of one of the soldiers, who apparently had not joined earlier. The new claims were time-barred unless they related back to the claims of the other parties. (*Id.* at pp. 1548–1549.) Citing *Bartalo,* the court noted that "an amended pleading that adds a new plaintiff will not relate back to the filing of the original complaint if the new party seeks to enforce an independent right or to impose greater liability against the defendants." (*San Diego Gas & Electric*, at p. 1550.)

▆ The court then considered the nature of the wrongful death cause of action, explaining: "A cause of action for wrongful death is a statutory claim [citations] that compensates specified heirs of the decedent for losses suffered as a result of a decedent's death. [Citation.] Any recovery is in the form of a lump sum verdict determined according to each heir's separate interest in the decedent's life [citation], with each heir required to prove his or her own individual loss in order to share in the verdict. [Citations.] Because a wrongful death action compensates an heir for his or her own independent pecuniary losses, it is one for 'personal injury to the heir.' [Citations.] Thus, in a wrongful death action the 'injury' is not the general loss of the decedent, but the particular loss of the decedent to each individual claimant." (*San Diego Gas & Electric, supra*, 146 Cal.App.4th at pp. 1550–1551.) Based on this foundation, the court held that "[b]ecause all wrongful death claimants must show the nature of his or her loss as a result of the decedent's death, the addition of an omitted heir to a wrongful death action after expiration of the limitations period as to the omitted heir necessarily inserts a new cause of action that seeks to enforce an independent right; as such, the relation-back doctrine will not apply." (*Id.* at pp. 1552–1553.)

In *Quiroz v. Seventh Ave. Center* (2006) 140 Cal.App.4th 1256 [45 Cal.Rptr.3d 222] (*Quiroz*), the initial complaint alleged wrongful death claims in connection with the death of an adult child in nursing home care. (*Id.* at p. 1266.) The first amended complaint added a survivorship claim, purporting to assert the rights of the decedent. (*Id.* at p. 1267.) The defendant moved for summary adjudication of the survivorship claims as time-barred. The court applied reasoning similar to that of *San Diego Gas & Electric* in concluding that the survivorship claim did not relate back to the earlier filed wrongful death claims: "[W]e readily conclude, as did the court below, that the survivor cause of action pleaded a *different injury* than the initial complaint. We also conclude that the two claims in the amended pleading were asserted by different plaintiffs, [the decedent's mother] acting in two separate capacities with respect to each, and that the addition of fresh allegations concerning her representative capacity in pursuit of the new survivor claim was not just the mere technical substitution of the proper party plaintiff on a previously existing claim. This survivor claim, which plaintiff pursued as the decedent's

successor in interest, pleaded injury to the decedent . . . . In contrast, the earlier-filed wrongful death claim pleaded only injury to plaintiff, acting for herself, as the decedent's heir. As a matter of law, these distinct claims are technically asserted by different plaintiffs and they seek compensation for different injuries. [Citations.] Accordingly, the doctrine of relation back does not apply and the entire survivor claim is barred by the statute of limitations." (*Quiroz,* at pp. 1278–1279.)

■  There can be no doubt that these authorities require a finding that plaintiffs' wrongful death and loss of consortium claims do not relate back to the original claims. As in *Quiroz,* these are the claims of different plaintiffs, and they seek different damages from the original claims. The plaintiff in the original lawsuit was Brumley, rather than his family members. The original claims sought recovery for injuries to Brumley, while the new claims seek compensation for individualized injuries to each family member, growing out of Brumley's death.

The only case defendants cite on the issue of relation back is *Lamont v. Wolfe* (1983) 142 Cal.App.3d 375 [190 Cal.Rptr. 874], in which a wife who was the alleged victim of medical malpractice filed claims for personal injury.[6] Her husband joined in the suit with a claim for loss of consortium growing out of the same injuries. (*Lamont,* at p. 377.) After the wife's death, the husband filed an amended complaint alleging claims for wrongful death, but his filing occurred after the expiration of the year afforded the filing of such claims. (*Id.* at pp. 377–378.) The Court of Appeal dismissed the wrongful death claims as time-barred, reasoning that the wrongful death claims related back to the husband's original claim for loss of consortium because they alleged the same type of injuries as a loss of consortium claim. (*Id.* at pp. 381–382.) The case is inapplicable here because neither Mrs. Brumley nor Brumley's children filed claims in the original lawsuit, and their claims in the amended complaint alleged a different type of injury than those that had been alleged by Brumley in the original complaint.

Because plaintiffs' wrongful death claims and Mrs. Brumley's loss of consortium claim do not relate back to Brumley's original personal injury claims, under *Barrington* these claims should not have been dismissed pursuant to section 583.360.

■  Plaintiffs also contend that the cancer survivorship claim should not have been dismissed because it does not relate back to the original claims for asbestosis and pleural disease. As noted above, a new claim relates back only if it "involve[s] the *same injury* . . . as the original one." (*Norgart, supra,* 21

---

[6] Defendants also cite *Edwards v. Superior Court* (2001) 93 Cal.App.4th 172 [112 Cal.Rptr.2d 838], but in that case the court itself noted, "Application of the relate-back doctrine is unnecessary under the circumstances here . . . ." (*Id.* at p. 181.) It provides no guidance.

Cal.4th at p. 409.) Exposure to asbestos can cause a variety of different physical conditions that manifest themselves at different times. Asbestosis, although a progressive disease, "is not a cancerous process." (*Wilson v. Johns-Manville Sales Corp.* (D.C. Cir. 1982) 684 F.2d 111, 113, fn. 3 [221 U.S. App.D.C. 337].) It is generally accepted that the different distinct illnesses caused by asbestos constitute different injuries, despite their occurrence in the same person as a result of the same exposure. (E.g., *Wagner v. Apex Marine Ship Management Corp.* (2000) 83 Cal.App.4th 1444, 1451–1453 [100 Cal.Rptr.2d 533].) Defendants do not argue that asbestosis and cancer are in fact the same injury, but only that the language of Brumley's original complaint, which referred generally to "lung damage," can be read to include cancer. While this may be true, there is no dispute that Brumley's lung cancer did not manifest itself until several years after the original complaint was filed. Regardless of its language, the original complaint cannot plausibly be read to refer to a disease of which Brumley was unaware at the time of its filing. Accordingly, the cancer survivorship claim does not relate back to the original complaint and should not have been dismissed.

## III. DISPOSITION

The trial court's judgment is reversed in part. Although Brumley's original asbestosis and pleural disease claims, now asserted as survivorship claims, are concededly barred by section 583.310, plaintiffs' wrongful death claims, Mrs. Brumley's loss of consortium claim, and the cancer survivorship claim are not barred. The matter is remanded for further proceedings consistent with this decision. Plaintiffs shall recover their costs on appeal.

Stein, Acting P. J., and Swager, J., concurred.

A petition for a rehearing was denied November 19, 2007, and the opinion was modified to read as printed above. Respondents' petition for review by the Supreme Court was denied January 16, 2008, S158691.