Filed 5/19/25  Jameson v. Dept. of Corrections and Rehabilitation CA3

# NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| BARRY S. JAMESON, | C097673 |
| Plaintiff and Appellant, | (Super. Ct. No. 01AS07521) |
| v. | |
| DEPARTMENT OF CORRECTIONS AND REHABILITATION et al., | |
| Defendants and Respondents. | |

Plaintiff Barry S. Jameson filed this action in 2001, more than 23 years ago, seeking to recover damages for nonpayment of wages for work he performed while incarcerated.  In a 2022 minute order, the trial court concluded that the action was subject to mandatory dismissal under Code of Civil Procedure[1] section 583.360 because it had not been brought to trial within five years after commencement as required by section 583.310, and plaintiff had failed to show that any of the conditions set forth in section 583.340 existed to toll that five-year period.  On appeal, plaintiff, appearing in propria persona, argues that (1) the trial court erred in dismissing the action because jurisdiction to try the action had been suspended (§ 583.340, subd. (a)), and prosecution or trial of the action had been stayed (§ 583.340,

---

[1]    Further undesignated section references are to the Code of Civil Procedure.

1

subd. (b)), and (2) the trial court should have entered defaults against defendants. We will affirm.

## BACKGROUND

### *Procedural Background*

Plaintiff filed his complaint on December 10, 2001, asserting causes of action for, among other things, nonpayment of wages. Plaintiff alleged that, while incarcerated, he was forced by defendants to work and was assigned to a private company but defendants failed to pay him for his work.

A returned document form dated November 21, 2005, indicated that proof of service for defendants and the original summons were both required for entry of default.

Two of the defendants, John Ratelle and Timothy Marsh, filed a case management statement on May 31, 2006. Among other things, they sought a judicial determination of which of the named defendants were "at issue."

In an attachment to a case management order, dated May 31, 2006, an attorney for Ratelle and Marsh stated that the only evidence of service of the complaint on any defendant was summonses signed by a deputy attorney general on behalf of Ratelle and Marsh who did not actually have authority to sign for them.[2] According to the attorney, there was no

---

[2]     Notices and acknowledgments of receipt signed by Deputy Attorney General Tami Warwick purportedly on behalf of Ratelle and Marsh appear as exhibit A in the four volumes of documents, exhibits A through N, that were the subject of plaintiff's motion to augment the record. Augmentation was granted as to exhibits D, E, G, I, K, L, and M. Augmentation was denied as to exhibits A, B, C, F, and N "without prejudice to showing the material was filed or lodged in the trial court." No such showings were made. Thus, exhibit A is not part of the augmented record. Augmentation was also denied as to exhibits H and J because those materials already appear in the clerk's transcript. In his briefing, plaintiff cites to and/or relies on all of the exhibits as to which augmentation was denied. We " 'disregard factual contentions that are not supported by citations to the record [citation] or are based on information that is outside the record.' " (*County of Sacramento v. Singh* (2021) 65 Cal.App.5th 858, 861.)

evidence plaintiff served any other defendant. Therefore, it was necessary to determine which defendants were "at issue."

On September 11, 2006, plaintiff filed a request for entry of default. Default was not entered as requested. The form included the notation, "form outdated." Plaintiff filed another request for entry of default on October 13, 2006. Again, default was not entered as requested.

Ratelle and Marsh filed an answer on November 17, 2006.

A minute order dated October 16, 2008, indicated that it was undisputed that Marsh was deceased.

On June 25, 2013, the trial court denied plaintiff's unopposed motion for judgment on the pleadings.

Plaintiff filed a motion for summary judgment on May 21, 2014. Plaintiff requested that the trial court take judicial notice of the judgment in *Ervin et al. v. Ratelle et al.* (Super. Ct. San Diego County, 2002, No. GIC740832), a class action involving defendants in which plaintiff did not join. Plaintiff requested summary judgment "because this suit mirrors Ervin." On August 15, 2014, the trial court "dropped" plaintiff's motion for summary judgment insofar as asserted against Marsh, who was deceased and whose attorney had been disbarred. The court denied the motion insofar as asserted against Ratelle, concluding plaintiff failed to meet his initial burden of proof. The court stated that it took judicial notice of the judgment in *Ervin*, but it did not accept the truth of any facts within the judicially noticed documents. The court also noted that, while Ratelle's name appeared in the caption in that case, the judgment neither was entered against him nor mentioned him. Thus, the judgment did not establish issue preclusion or claim preclusion as against Ratelle. The trial court also noted that all "defendants except Ratelle and Marsh have been dismissed by the Court."

In a case management statement filed November 24, 2014, plaintiff represented that all parties had been served, had appeared, or had been dismissed; requested removal of the

trial court judge "for repeatedly refusing to allow him basic due process"; and noted that Ratelle and Marsh had no counsel for almost two years with whom plaintiff could meet and confer because their attorney had been disbarred.

On August 16, 2018, plaintiff requested entry of a default judgment against Ratelle and Marsh. In an affidavit, plaintiff stated he had spent almost 10 years requesting the entry of default against them. According to plaintiff, Ratelle and Marsh, the only remaining defendants, had refused to respond to any filings or make any appearances. Plaintiff stated that he had repeatedly moved for entry of default "as a result of Defendants failing to answer the Complaint . . . ." Plaintiff also claimed that his "lack of prosecution in this case since his release from custody has been at the direction of the Court and for the benefit of" Ratelle and Marsh. Default was not entered as requested because Ratelle and Marsh had, in fact, filed an answer.

Plaintiff filed a motion for entry of judgment on August 26, 2022. Plaintiff acknowledged Ratelle and Marsh had initially responded to the complaint, but claimed defendants "have essentially abandoned the case after initially responding." He asserted that he had spent years making motions for entry of default and for judgment on the pleadings, but the trial court repeatedly granted extensions to defendants.

On November 11, 2022, the trial court denied plaintiff's request for entry of judgment "because, as the moving papers concede, defendants previously appeared in this action (although at least one has in the interim passed away). In fact, this Court denied plaintiff's August 2018 request for entry of default and default judgment since defendants previously answered the complaint. Under these circumstances, there is no valid basis upon which to enter judgment against any defendant." The court noted that the action had been commenced more than 20 years earlier, and section 583.310 requires a civil action to be brought to trial within five years after commencement. Because the action had been pending for more than 20 years and had not been brought to trial, the court concluded the action was subject to mandatory dismissal pursuant to sections 583.310 and 583.360. The

4

court afforded plaintiff the opportunity to show cause why the action should not be dismissed.

*Order of Dismissal and Judgment*

According to the trial court's December 13, 2022, ruling, plaintiff argued that "defendants have refused to respond to plaintiff's discovery requests and ignored his motions, while the Court set 'roadblock after roadblock . . . for the benefit of the remaining Defendants' and refused to set this matter for trial. Plaintiff adds that he 'cannot set a trial date with Defendants [who] will not appear' and that their default should have been entered long ago but the Court refused to do so. For these reasons, plaintiff insists this matter should not be dismissed."

The court stated that, "[a]lthough plaintiff's filings on 11/28/2022 set forth a variety of explanations why this action was not set for trial within the requisite five-year period specified in . . . [section] 583.310," section 583.340 sets forth the valid conditions for excluding time from the five-year calculation, and none of plaintiff's explanations "constitutes a valid reason for failing to comply with the five-year limitations period." The court stated that there was no evidence to suggest the jurisdiction of the court to try the action was ever suspended. (See § 583.340, subd. (a).) Turning to subdivision (b) of section 583.340, the court stated: "While plaintiff contends this Court imposed in 2015 a stay of all proceedings which 'has never been lifted,' there is nothing in the Court's file which indicates a stay was imposed in 2015 (or at any other time) but even if such a stay were in fact imposed in 2015, it would be of no legal consequence since this action at that time would have already been pending for over 12 years and therefore already subject to mandatory dismissal in 2015. Accordingly, the provisions of [section] 583.340[, subdivision] (b) are of no benefit to plaintiff." Lastly, the court concluded that nothing advanced by plaintiff established that bringing the action to trial no later than December 10, 2006, was " 'impossible, impracticable, or futile' " within the meaning of section 583.340, subdivision (c). Because it concluded that plaintiff failed to show that any

5

of the three conditions described in section 583.340 existed, the trial court concluded this action was subject to mandatory dismissal pursuant to section 583.310. The court directed the trial court clerk to enter dismissal with prejudice.

The trial court entered judgment in favor of defendants and against plaintiff on January 4, 2024, dismissing the action with prejudice.

DISCUSSION

I

*The Appellant's Burden and Self-Represented Litigants*

At the outset, we reiterate certain aspects of the appellate process. " 'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) "It is the appellant's burden to demonstrate the existence of reversible error." (*Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 766.)

A self-represented litigant such as plaintiff here "is entitled to the same but no greater consideration than other litigants." (*County of Sacramento v. Singh*, *supra*, 65 Cal.App.5th at p. 861.) "Accordingly, he must follow the rules of appellate procedure. [Citations.] Those rules require an appellate brief to support each point by argument and, if possible, by citation to authority and to provide a citation to the record for a factual assertion. [Citation.] '[W]e may disregard factual contentions that are not supported by citations to the record [citation] or are based on information that is outside the record [citation]. We may disregard legal arguments that are not supported by citations to legal authority [citation] or are conclusory [citation].' [Citations.] Further, we may treat a point that is not supported by cogent legal argument as forfeited." (*Ibid*.; see Cal. Rules of Court, rule 8.204(a)(1)(B), (C).)

6

*Mandatory Dismissal Under Sections 583.310 and 583.360*

Plaintiff argues the trial court erred in dismissing the action pursuant to sections 583.310 and 583.360, because the conditions in section 583.340, subdivisions (a) and (b) applied. We conclude plaintiff has failed to satisfy his burden of demonstrating reversible error.

"An action shall be brought to trial within five years after the action is commenced against the defendant." (§ 583.310.) " 'Commencement' of an action for purposes of section 583.310 . . . is firmly established as the date of filing of the initial complaint." (*Brumley v. FDCC California, Inc.* (2007) 156 Cal.App.4th 312, 318.) "An action shall be dismissed by the court on its own motion or on motion of the defendant, after notice to the parties, if the action is not brought to trial within the time prescribed in this article." (§ 583.360, subd. (a).) "The requirements of this article are mandatory and are not subject to extension, excuse, or exception except as expressly provided by statute." (§ 583.360, subd. (b).)

"In computing the time within which an action must be brought to trial pursuant to this article, there shall be excluded the time during which any of the following conditions existed: [¶] (a) The jurisdiction of the court to try the action was suspended. [¶] (b) Prosecution or trial of the action was stayed or enjoined. [¶] (c) Bringing the action to trial, for any other reason, was impossible, impracticable, or futile." (§ 583.340.) "Section 583.340 is construed liberally, consistent with the policy favoring trial on the merits." (*Tanguilig v. Neiman Marcus Group, Inc.* (2018) 22 Cal.App.5th 313, 323.) The plaintiff bears the burden of proving the existence and applicability of a section 583.340 condition. (*Alpha Media Resort Investment Cases* (2019) 39 Cal.App.5th 1121, 1128 [addressing § 583.340, subd. (c)].)

Plaintiff argues that the trial court failed to exclude from the time within which the action must be brought to trial the time during which "jurisdiction of the court to try the

7

action was suspended" (§ 583.340, subd. (a)), and "[p]rosecution or trial of the action was stayed or enjoined" (§ 583.340, subd. (b)). According to plaintiff, there is overwhelming evidence that the case was stayed repeatedly.

While plaintiff argues that the record overwhelmingly and unambiguously demonstrates that the matter was both stayed and suspended, what he fails to do is cite to the record to prove his point. Plaintiff's only two citations to the record in this portion of the argument section of his opening brief are to the minute order in which the trial court dismissed the action. Otherwise, he does not cite to the record at all, let alone to any portion of it establishing that the action was stayed or suspended. Plaintiff has failed to satisfy his obligation to cite to the record to support his factual assertions. (See *County of Sacramento v. Singh*, *supra*, 65 Cal.App.5th at p. 861; Cal. Rules of Court, rule 8.204(a)(1)(C).) "We are not required to scour the record in search of support for a party's factual statements and may disregard such unsupported statements." (*Harshad & Nasir Corp. v. Global Sign Systems, Inc.* (2017) 14 Cal.App.5th 523, 527, fn. 3.)

In any case, our independent review of the record has not uncovered evidence that the action was repeatedly stayed or suspended such that section 583.340, subdivision (a) or (b) applied to toll the matter for anything close to a period of time sufficient to avoid dismissal under sections 583.310 and 583.360. Nor, as the trial court found, does the record contain anything establishing that bringing the matter to trial within five years would have been "impossible, impracticable, or futile." (§ 583.340, subd. (c).)

To the extent that plaintiff would argue that relevant statements or representations were made in hearings and proceedings before the trial court, plaintiff has elected to proceed without a record of oral proceedings in that court. In the absence of a record of the oral proceedings, we " ' "must conclusively presume that the evidence is ample to sustain the [trial court's] findings," ' " and our "review is limited to determining whether any error 'appears on the face of the record.' " (*Nielsen v. Gibson* (2009) 178 Cal.App.4th 318, 324-325.) We have found no such error on the face of the record.

8

Plaintiff has not met his burden on appeal of demonstrating the existence of reversible error. (See *Del Real v. City of Riverside*, *supra*, 95 Cal.App.4th at p. 766.)

III

*Entry of Default*

Plaintiff argues that the trial court should have entered defaults against defendants because only two of them, Ratelle and Marsh, filed an answer, and those answers were filed after they "should have been 'out-of-court' and defaulted." Plaintiff contends that he repeatedly filed requests for entry of default before any answer was filed. Again, plaintiff has not demonstrated reversible error. Even if our determination that the trial court properly dismissed the action under sections 583.310 and 583.360 has not rendered this contention moot, plaintiff cites to nothing in the record to establish that he was entitled to entry of default against any defendant.

The record establishes that plaintiff *sought* entry of default, repeatedly. However, it does not establish he was *entitled* to entry of default against any defendant. A returned document form indicated that proof of service for defendants was required for entry of default, and that the original summons was also required, suggesting these items had not been supplied. The record does not establish that any defendants were properly served with the summons and complaint in the first instance.[3] (See *Dill v. Berquist Construction Co.* (1994) 24 Cal.App.4th 1426, 1444 ["compliance with the statutory procedures for service of process is essential to establish personal jurisdiction"; "default judgment entered against a defendant who was not served with a summons in the manner prescribed by statute is void"].) Several documents show that plaintiff's repeated requests for defaults were denied, but in most cases do not specify the reasons for the denials.

Plaintiff's only citations to the record in this portion of his argument are to an unsuccessful request for entry of default, the returned document form, and to Ratelle and

---

[3]     See footnote 2, *ante*, page 2.

9

Marsh's answer. He claims that he repeatedly filed for entry of default before Ratelle and Marsh answered, and asserts that no other defendant answered at all. The record does not shed any light on the circumstances surrounding the timing of Ratelle and Marsh's answer, years after plaintiff commenced the action. However, as the trial court noted, and as plaintiff conceded, Ratelle and Marsh *did* file an answer on November 17, 2006. Additionally, according to the trial court, it was undisputed that Marsh is deceased, although plaintiff in his reply brief states that he has not conceded that Marsh is dead. Plaintiff does not cite to anything in the record to support his claim that no other defendant answered, the record indicates the court dismissed all other defendants, and plaintiff acknowledged before the trial court that Ratelle and Marsh were the only remaining defendants. In short, service has not been demonstrated as to any defendant, Ratelle and Marsh answered and nothing in the record affirmatively establishes that answer was invalid, and the other named defendants have been dismissed from the action. Plaintiff cites to nothing in the record to suggest that, notwithstanding these circumstances, he was entitled to entry of a default against any defendant.

Plaintiff again has failed to satisfy his burden of demonstrating reversible error. (See *Del Real v. City of Riverside*, *supra*, 95 Cal.App.4th at p. 766.)

DISPOSITION

The judgment is affirmed. Defendants shall recover their costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1), (2).)

\s\
Krause, J.

We concur:

\s\
Earl, P. J.

\s\
Hull, J.